Ali Parvaneh, Esq. (SBN 218320)
aparvaneh@madisonlawapc.com
James Sifers, Esq. (SBN 259105)
jsifers@madisonlawapc.com
Dixon Gardner, Esq. (SBN 213119)
dgardner@madisonlawapc.com
**MADISON LAW, APC**
17702 Mitchell North
Irvine, California 92614
Telephone: (949) 756-9050
Facsimile: (949) 756-9060

Attorneys for Plaintiff Auto Finance Solutions, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

AUTO FINANCE SOLUTIONS, LLC, a California limited liability company;

        Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION; ISABELLA CASILLAS GUZMAN, in her official capacity as Administrator of the Small Business Administration; THE UNITED STATES OF AMERICA, and DOES 1 through 20, inclusive,

        Defendants.

Case No.: 8:23-cv-1245
Assigned for all Purposes:

**COMPLAINT FOR:**
1. **AGENCY ACTION CONTRARY TO LAW UNDER 5 U.S.C. § 706(2)(A), (C): SBA ILLEGALLY APPLIED INTERIM FINAL RULE TO DENY PLAINTIFF PPP LOAN FORGIVENESS;**
2. **AGENCY ACTION CONTRARY TO LAW UNDER 5 U.S.C. § 706(2)(A), (C): CARES ACT MADE PLAINTIFF ELIGIBLE FOR PPP LOAN AND SBA ILLEGALLY APPLIED THE EXCLUSION RULE TO DENY PLAINTIFF PPP LOAN FORGIVENESS;**
3. **SBA ACTED ARBITRARY AND CAPRICIOUSLY TO DENY PLAINTIFF PPP LOAN FORGIVENESS**

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . Fax (949) 756-9060

Plaintiff Auto Finance Solutions, LLC, a California limited liability company ("Plaintiff"), submits its Complaint against Defendant United States Small Business Administration ("Defendant SBA"); Defendant Isabella Casillas Guzman ("Defendant Guzman"), in her official capacity as Administrator of the Small Business Administration an agency of The United States of America; Defendant The United States of America ("Defendant USA"); and Does 1 through 20. Defendant SBA, Defendant Guzman, Defendant USA and Defendant Does 1 to 20 are referred to collectively as the "Defendants." Plaintiffs allege:

## NATURE OF THE ACTION

1.     In order to provide relief to mitigate the economic devastation caused by the COVID-19 pandemic, Congress passed the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020). Congress's purpose in adopting the CARES Act was to ensure continued employment and income for the millions of Americans employed by small businesses and to keep these businesses afloat during the Covid-19 Pandemic. Pub. L. 116-136, § 1102, 134 Stat. at 286 codified at 15 U.S.C. § 636(a)(36) (2020). To accomplish that critical goal, Congress created the Paycheck Protection Program ("PPP"), which authorizes the SBA to guarantee hundreds of billions of dollars in loans to small businesses. PPP loans were to be made by private lenders, and Congress pledged to forgive these loans (*i.e.,* the federal government would reimburse the bank) provided that, *inter alia,* the borrowers used most of the proceeds to

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

pay employees' wages under 15 U.S.C. §§ 636(a)(36),9005-06.

2.     Congress temporarily added a new product, the PPP loan to the SBA's existing "Section 7(a)" Loan Program.  Business Loan Program Temporary Changes; Paycheck Protection Program Interim Final Rule (the "Interim Final Rule"), 85 Fed. Reg. 20811 (Apr. 15, 2020).

3.     Loans issued under the PPP are guaranteed by the SBA "under the same terms, conditions, and processes" as any other Section 7(a) loan, unless "otherwise provided" by 15 U.S.C. § 636(a)(36)(B).  A key aspect of the PPP is that lenders received guaranteed fees, calculated based on the size of the loan, in order to secure lender participation in the program under 15 U.S.C. § 636(a)(36)(P)(i) ("The Administrator shall reimburse a lender authorized to make a covered loan at a rate, based on the balance of the financing outstanding at the time of disbursement of the covered loan").

4.     Attached hereto as Exhibit A is Plaintiff's SBA Appeal letter dated January 19, 2022.  Exhibit 1 to Exhibit A is a true and correct copy of the SBA Standard Operating Procedure ("SOP"), Section 50, No. 10, Rev. 5(K) entitled "Lender and Development Company Loan Programs" from the Office of Financial Assistance of the SBA, which is effective as of April 1, 2019 (this entire document is referred to hereafter as the "SOP").  At the SOP Page 23, the SBA delegates its authority to private lenders, such as PEB, under the SBA's Preferred Lenders Program ("PLP") in 13 C.F.R. § 120.450, which states:

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

13 C.F.R. § 120.450 What is the Preferred Lenders Program? Under the Preferred Lenders Program (PLP), designated Lenders process, close, service, and liquidate SBA guaranteed loans with reduced requirements for documentation to and prior approval by SBA.

5.     At the bottom of SOP Page 23, it states SBA delegates the authority of the SBA to such lenders to close, service, and liquidate most SBA guaranteed loans without prior SBA review.  SOP Page 23 and 24 state a PLP Lender is:

*authorized to make SBA guaranteed loans without prior SBA review of eligibility or creditworthiness.  An SBA Loan Number is assigned by SBA upon notification by the PLP Lender of approval of the loan.  In addition, they are expected to handle servicing and liquidation of all of their SBA loans with limited involvement of SBA.*

6.     SOP Page 28 states a PLP lender is to follow the SBA's primary business loan eligibility standards and that a Lender "may use PLP only for 7(a) loans", which includes Plaintiff's PPP Loan.  Page 28 lists the type of loans not eligible under PLP processing and that the "same type of businesses that are not eligible under standard 7(a) also are not eligible under PLP."

7.     In sum, according to SOP Pages 23, 24, 28, a PLP Lender is to enter into 7(a) loan contracts with borrowers without "SBA review" of "eligibility or creditworthiness" of the borrower; service this loan, and to liquidate it "with limited involvement of the SBA."

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

8.    Federal law governs questions arising under the SBA.  *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 726 (1979).  The SOP follows federal common law in that an authorized agent (PEB in this matter) of the SBA (the principal in this matter) has the authority to bind the SBA to loan contracts that PEB enters into with a borrower, such as Plaintiff for its PPP Loan.  Under federal common law, an agreement is binding on a principal (SBA) when its agent (PEB) who signed the agreement had actual or apparent authority to enter into it.  *United States v. Mendoza-Acuna*, 764 F.2d 699 (9th Cir. 1985), citing *Shreveport Engraving Co. v. United States*, 143 F.2d 222, 227 (5th Cir.), *cert. denied*, 323 U.S. 749, 89 L. Ed. 600, 65 S. Ct. 82 (1944) (authorized agent of a principal (or authorized agent's subagent) with authority has right to bind the principal to a contract or transaction).

9.    PEB's website www.pacificenterprisebank.com/home/loan/sba states PEB is a "Preferred SBA Lender" (aka a PLP lender).  Exhibit 2 to Exhibit A is a true and correct copy of this website page printed on November 22, 2021.

10.    Historically the SBA treated certain classes of businesses as ineligible for other SBA lending programs, such as business engaged in lending, under Title 13 C.F.R. § 120.110 (a true and correct copy of this regulation is attached as Exhibit 4 to Exhibit A).  Aware of this, Congress purposefully set about to "[i]ncrease eligibility" for forgivable PPP loans under 15 U.S.C. § 636(a)(36)(D) to make them widely available to small businesses across the commercial spectrum.  Congress did so by establishing

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

specific, limited criteria for PPP loan guarantee eligibility and by providing unambiguously that "any business concern ... shall be eligible" for a forgivable PPP loan if it met those criteria.  15 U.S.C. § 636(a)(36)(D)(i).

11.    Plaintiff is a small business that makes commercial loans to vehicle dealers to purchase vehicle inventory at wholesale (usually through vehicle auctions or used vehicle purchases).  Such loans are secured by the titles to the vehicles financed.  In the event a borrower defaults on a loan, Plaintiff repossesses its vehicle collateral and sells the collateral at vehicle auctions.  Plaintiff's borrowers (vehicle dealers) generate cash flow to repay the Plaintiff's loans by primarily selling their vehicle inventory at retail to the public.  When retail vehicle sales slow down, the Plaintiff experiences a slow down in the repayment of its loans from vehicle dealers and a higher level of uncollectible loans.

12.    Plaintiff applied for a PPP loan on April 1, 2020 by submitting a completed PPP Borrower Application Form ("PPP Application") to request a PPP loan in the amount of $333,452 from PEB to pay payroll for Plaintiff's 26 employees.  (Exhibit 3 to Exhibit A is Plaintiff's SBA PPP loan application dated April 1, 2020).  After the PPP's expanded eligibility criteria on April 19, 2020 (which removed the restriction on businesses involved in "lending" under 13 C.F.R. § 120.110(b)), the PEB (as an authorized PLP Lender) determined that Plaintiff was not a finance company engaged in the business of lending under 13 C.F.R. § 120.110(b) and eligible for a PPP loan.  PEB and Plaintiff entered into the PPP loan on or about April 24, 2020.  (Exhibit 5 to Exhibit

A is the promissory note between PEB, SBA, and Plaintiff.)  As a result, PEB loaned $114,200 at 1% per year to Plaintiff for a loan entitled "CARES SBA 7a PPP Loan" for Loan Account Number: 6202067900 (the "PPP Loan").

13.    After determining that Plaintiff met SBA's "eligibility or creditworthiness and the SBA's primary business loan eligibility standards for a PLP 7(a) loan, PEB drafted a promissory note that Plaintiff's managers (Jenos Firouznam and Waseem Ihab Abuwarda) executed on or about April 24, 2020 for Plaintiff to borrow $114,2000 at 1% per year.  The Disbursement Request and Authorization for the PLP Loan states "The specific purpose of this loan is: CARES SBA 7a PPP Loan."

14.    The loan terms are: (a) the loan matured on April 24, 2022; (b) loan required immediate payment of all amounts owed after default; and (c) the SBA may supplement terms of the note.  A default is defined as Plaintiff fails to comply with any term of the note.  The note is governed by federal law applicable to PEB as Lender and, to the extent not preempted by federal law, the laws of the State of California apply to the loan without regard to its conflicts of law provisions.  The note was accepted by PEB in California.  (Exhibit 5 to Exhibit A.)

15.    From April 24, 2020 until the present, the SBA did not submit any terms to supplement the note for the PPP loan to Plaintiff and did not object to the issuance of the note to Plaintiff based on its eligibility under 13 C.F.R. § 120.110(b).

16.    Despite the CARES Act's clear direction, the SBA adopted an Interim Final

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

Rule, effective April 15, 2020, that imposed its pre-COVID-19, pre-CARES Act exclusions on PPP loan eligibility, excluding a wide range of businesses including banks, political lobbying firms, and real-estate developers (the "Exclusion Rule").

17.    Although the SBA had previously published notice on its website on April 2, 2020 of its intent to issue the Interim Final Rule, it expressly noted that the Rule would become effective upon its publication in the Federal Register (which occurred on or about April 15, 2020).

18.    This exclusion lacks any basis in, and indeed is contrary to, the plain text, purpose, and context of the CARES Act.

19.    Simply put, Congress did not pick winners and losers in the PPP.  Congress recognized that COVID-19 spared no portion of the economy and clearly and unequivocally expressed its will to meet its effects with co-extensive support by providing temporary paycheck support to *all* Americans employed by *all* small businesses that satisfied the statute's eligibility requirements-even businesses that may have been ineligible for other SBA programs during normal times.

20.    In defiance of Congress's clearly expressed will, the SBA implemented the Exclusion Rule, declaring ineligible for participation in the PPP businesses that suffered from the COVID-19 economic downturn no less than those SBA deemed worthy of support.

21.    Having erroneously excluded entire categories of businesses, the SBA

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

compounded its mistake by arbitrarily rolling back that exclusion for certain types of business concerns such as casinos, which are ineligible under the traditional criteria, while maintaining the exclusion against others, including those primarily engaged in lending.

22.     To make matters worse, the SBA now applies its shifting eligibility standards to refuse to forgive loans it granted to businesses - including the loan to Plaintiff - that received PPP loans in reliance of Congress's promise of loan forgiveness *prior to SBA's adoption of the Exclusion Rule* on April 15, 2020.  Such businesses risked their financial security by keeping employees on payroll during the COVID-19 pandemic with the benefit of PPP loans they were eligible to receive at the time they applied for (and SBA approved) them.  Now, having done everything Congress required of them, these businesses are told that they must repay their loans because of the SBA's unlawful application of its eligibility restrictions.

23.     This action under the Administrative Procedure Act ("APA", which is codified at 5 U.S.C. §§ 551–559) challenges the SBA's adoption of the Exclusion Rule. Specifically, Plaintiff seeks a declaration that the Exclusion Rule is unenforceable with respect to its PPP loan forgiveness application.

24.     Because the Exclusion Rule renders statutorily eligible business concerns ineligible for PPP loans or loan forgiveness in clear violation of the CARES Act, the Court should "hold unlawful and set aside" the Exclusion Rule under 5 U.S.C. § 706(2).

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

25.     Furthermore, because the SBA has acted in an arbitrary and capricious manner-granting forgivable PPP loans to certain businesses ineligible under the standard criteria, such as casinos, while denying others the same opportunity-the Court should, for that independent reason, "hold unlawful and set aside" the Exclusion Rule.  *Id.*

26.     Finally, because the SBA has applied retroactively the Exclusion Rule, which was effective on April 15, 2020, to Plaintiff's PPP loan, which the SBA (through its authorized agent and PLP Lender PEB) approved on or before April 14, 2020 (based on Plaintiff's information and belief), the Court should "hold unlawful and set aside" the Exclusion Rule as applied to Plaintiff as an impermissible retroactive application of law (which the SBA used to deny PPP loan forgiveness to Plaintiff on or about March 9, 2022; Exhibit D is a copy of the Plaintiff's appeal decision by the SBA).  *Id.*  The SBA's failure to follow the applicable law also subjects the SBA to other causes of action as alleged herein.

## PARTIES

27.     Plaintiff is a small business that funds dealers to purchase vehicle inventory and buys and sells vehicles for its own inventory.

28.     Defendant SBA is an independent federal agency created and authorized pursuant to 15 U.S C § 633 *et seq.*  Under the CARES Act, the SBA administers the PPP.

29.     Defendant Isabella Casillas Guzman is the Administrator of the SBA and is sued only in her official capacity.  Because she is the officer with final authority for

administering the PPP within the SBA, Administrator Guzman is a proper defendant for these APA causes of action since this Action seeks to have the SBA forgive the Plaintiff's PPP loan, which the SBA has denied.

30.    Defendant United States of America is a proper defendant in APA cases under 5 U.S.C. § 702.

## JURISDICTION & VENUE

31.    This Court has subject matter jurisdiction under 28 U.S.C § 1331.

32.    Plaintiff has standing to seek review of the SBA's Exclusion Rule because the SBA applied this rule to deny Plaintiff's loan forgiveness application.

33.    Venue is proper in this judicial district pursuant to 28 U.S.C § 1391(e) and under the terms of the April 24, 2020 promissory note executed by Plaintiff in favor of PEB and the SBA.

34.    The SBA's Exclusion Rule is a final agency action under 5 USC § 704.

## BACKGROUND

**SBA Lending Criteria for Other Programs**

35.    The SBA is "a government agency established by § 204 of the Small Business Act of 1953, 67 Stat 233". *United States v. Peoples Household Furnishing, Inc.,* 75 F.3d 252, 253 (6th Cir. 1996). The SBA "aid[s], counsel[s], assist[s], and protect[s] ...the interest of small business concerns." *Small Bus. Admin v. McClellan,* 364 U.S. 446, 447 (1960).  The SBA makes loans directly to small businesses and guarantees

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

loans made by private lenders. *Id.*

36.     In 1996, the SBA first declared certain types of businesses ineligible to participate in its lending program.  This historical regulation, codified at 13 C.F.R. § 120 110, prohibits, *inter alia,* banks*,* life insurance companies, "[b]usinesses deriving more than one-third of gross annual revenue from legal gambling activities," and "businesses primarily engaged in political or lobbying activities," from receiving SBA-backed loans. 13 C.F.R. § 120.110(b), (d), (g), and (r).

37.     Most relevant is the historical regulation generally excludes "[f]inancial businesses primarily engaged in the business of lending, such as finance companies."  13 CFR § 120.110(b).

38.     Following its historical regulation, the SBA promulgated a "Standard Operating Procedure for Lender and Development Company Loan Programs 50 10 5(K)" ("2019 SOP"), which likewise excludes "businesses primarily engaged in lending, investments, or to an otherwise eligible business engaged in financing or factoring." 2019 SOP, subpt. B, ch. 2(III)(A)(2).  A copy of the 2019 SOP is attached to Exhibit A as Exhibit 1.  The SBA has historically denied businesses "engaged in lending" to have access to the agency's lending programs generally.  The SBA decided in its denial of the Plaintiff's PPP loan forgiveness that the Plaintiff is a business "primarily engaged in lending" even though PEB, as the SBA's authorized agent to make the PPP loan to Plaintiff, determined that Plaintiff is not such a business (and even if Plaintiff were such a

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

business, Congress has passed the CARES Act, which made the Plaintiff eligible for a PPP loan under 15 U.S.C. 636(a)(36)(D)).

### The CARES Act and the PPP

39.     In March 2020 and in order to mitigate the economic crisis caused by the COVID-19 pandemic, Congress passed the CARES Act. Title I, the "Keeping American Workers Paid and Employed Act," which established the PPP.  CARES Act, tit. I; 15 U.S.C. § 636(a)(36).

40.     "The PPP is a *new* loan program to be administered by the SBA under Section 7(a) of the Small Business Act (codified at 15 U.S.C. § 636(a)).  Its purpose is to assist small businesses during the COVID-19 crisis by immediately extending them loans on favorable terms." *Camelot Banquet Rooms, Inc. v. US. Small Bus. Admin.,* 458 F. Supp. 3d 1044, 1050 (E.D. Wis. 2020) (emphasis added).  Section 1106 of the CARES Act provides that a borrower's indebtedness under a PPP loan will be forgiven to the extent that the borrower uses the funds to pay expenses relating to payroll, mortgage interest, rent, and utilities during the eight-week period following the loan's origination." *Id.*, citing Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed Reg 20811, 20813-14 (Apr. 15, 2020).

41.     Congress initially "provided the SBA with $349 billion" in PPP guarantee funds for "small businesses struggling to make ends meet during the COVID-19 crisis." *Am. Ass'n of Political Consultants v. US. Small Bus. Admin.,* No. 20-970 2020 LEXIS

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

69782, at *2 (D.D.C. Apr. 21, 2020), *aff'd*, 2020 U.S. App. LEXIS 16697 (D.C. Cir. May 26, 2020).  The SBA, however, quickly exhausted the initial fund, and so Congress appropriated an additional $310 billion for PPP loan guarantees.  See Paycheck Protection Program and Health Care Enhancement Act ("Enhancement Act"), Pub. L. No. 116-139, 134 Stat. 620, § 101(a)(l) (2020).

42.     In the section of the CARES Act titled "Increased Eligibility for Certain Small Businesses and Organizations," Congress broadened the class of businesses eligible to receive SBA financial assistance under the PPP under 15 U.S.C. § 636(a)(36)(D).  Specifically, Congress provided that "[d]uring the covered period, in addition to small business concerns, *any* business concern ... shall be eligible to receive a covered [i.e., SBA-guaranteed] loan" if the business employs fewer than 500 employees or, "if applicable," employs fewer than the "number of employees established by the Administration for the industry in which the business concern ...operates."  See 15 U.S.C. § 636(a)(36)(D)(i)(I)-(II) (emphases added).

43.     Section 1106 of the CARES Act, as amended by the Paycheck Protection Program Flexibility Act (the "Flexibility Act"), Pub. L. No. 116-142, 134 Stat, 641 (2020), sets out the conditions for loan forgiveness of PPP loan recipients.  "An eligible recipient *shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds are used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Flexibility Act § 3(b). The SBA is required to reimburse

the private lender for any PPP loan determined eligible for forgiveness. CARES Act § 1106(c)(3). PPP loan recipients must submit forgiveness applications to be considered. CARES Act § 1106(e). But Section 1106(b) of the CARES Act provides for forgiveness of a PPP loan only if the borrower was an "eligible recipient" of the PPP loan to begin with. PPP loans not forgiven will have a 2-year term or, for loans issued after June 5, 2020, a 5-year term. Flexibility Act § 2 (a), (b).

### The SBA Exclusion Rule Bait-and-Switch

44. As a small business, Plaintiff suffered significant harm from the COVID-19 pandemic, which ground nearly every segment of the economy to a halt. Small businesses were disproportionately impacted as they operate on the tightest margins (or at breakeven or a loss) and lack traditional sources of funding to fund their business until regular economic conditions returned after the pandemic subsided.

45. Since Plaintiff's business depends on the buyers of the Plaintiff's borrowers to earn sufficient money to repay the loans that Plaintiff makes to its borrowers (i.e. vehicle dealers who use the loan proceeds to buy vehicle inventory and then to sell this inventory to their customers), Plaintiff bore the consequences and effects of the pandemic no differently than other businesses, and perhaps even more than some since many customers of the Plaintiff's borrowers were unable to buy vehicles on credit or at all with cash. This extreme slowdown in vehicle purchases by the customers of Plaintiff's borrowers prevented them from repaying their loans to Plaintiff. Plaintiff's borrowers

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

(many of which are also small businesses) suffered from severe cash flow shortages from the economic slowdown significantly reduced vehicle purchases that funded the borrowers cash flow to repay their loans from Plaintiff. With the economy in severe contraction, revenues, profits, and incomes of the Plaintiff's borrowers decreased, which decreased their ability to pay their loans to Plaintiff. Further, Plaintiff's potential pool of borrowers declined significantly since there were lower vehicle sales under the pandemic and the payments to Plaintiff's borrowers declined too (for the same reason). The pandemic's mass cessation of business operations effectively eliminated the revenue businesses relied upon to make wage payments and dramatically reduced or eliminated most operational and production expenses (which includes payroll for its workers, some of whom were borrowers of the Plaintiff's loans and the customers of these borrowers to buy vehicles from borrowers). As a result, the viability of the Plaintiff's existing lending business was very much in doubt during the pandemic when Plaintiff acquired the PPP loan from PEB.

46.    Facing the same dire economic outlook as every business in America, Plaintiff grappled with how to retain and pay its employees to work amidst a certain economic downtown of uncertain duration.

47.    In the face of financial hardship and challenging decisions, Plaintiff sought a forgivable PPP loan to mitigate business losses and enable it to retain its employees through the economic downturn. Plaintiff applied for its loan on April 1, 2020 and was

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

approved for a PPP loan on or before April 15, 2020.  At the time of the approval, the

SBA operated under the provisions stated by Congress, which provided that loans were

for all businesses that met the size requirements for small businesses.

48.    Shortly after enactment of the PPP, the SBA adopted rules to implement and

govern the PPP loan guarantees.  See Interim Final Rule, Business Loan Program

Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20811 (Apr. 15, 2020).

The rules specify that forgivable PPP loans are made on a "first-come, first-served" basis.

*Id.* at 20813.  The Exclusion Rule is one of these rules adopted by the SBA.

49.    Before promulgating the Exclusion Rule, the federal agencies responsible

for implementing the PPP had touted the program as providing payroll assistance to any

business with fewer than 500 employees.  See SBA, *Financial Assistance from the US

SBA for Small Businesses and Non-Profits* (Mar. 31, 2020) ("Businesses ... with 500 or

fewer employees may apply."), page 25 of the URL:

https://www.sba.gov/sites/default/files/resource_files/COVID_19_2_choices_March_31_

2020_version_3.pdf; U.S. Dep't of Treas., *Small Business Paycheck Protection Program,*

(Mar. 31, 2020) ("All Small Businesses Eligible") at URL:

https://home.treasury.gov/system/files/136/PPP%20--%20Overview.pdf.  This last

URL states "The Paycheck Protection Program is implemented by the Small

Business Administration with support from the Department of the Treasury."

50.    Relying on these kinds of statements, Plaintiff applied for a PPP loan on

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

April 1, 2020, through its principal bank, PEB.  On information and belief, the Plaintiff alleges that the SBA approved Plaintiff's application on or before April 14, 2020 since Plaintiff executed the PPP promissory note on or about April 24, 2020.

51.    Notwithstanding these prior representations, the SBA issued the Exclusion Rule, with an effective date of April 15, 2020, stating that businesses "identified" in the SBA's historical guidelines (i.e. 13 C.F.R. § 120.110) and "described further" in the 2019 SOP "are not eligible for PPP loans," (i.e. 85 Fed Reg at 20812).  Although SBA published its intention to issue such a rule on April 2, 2020, it expressly stated that it would not take effect until April 15, 2020; and, Plaintiff is informed and believes and thereon alleges that the SBA approved Plaintiff's PPP loan application before that date since Plaintiff applied for the PPP loan on or about April 1, 2020.

52.    The SBA's historical lending guidelines exclude "[f]inancial businesses primarily engaged in the business of lending" under 13 C.F.R. § 120.110.  The 2019 SOP states that "SBA cannot guarantee a loan that provides funds to businesses primarily engaged in lending, investments, or to an otherwise eligible business engaged in financing or factoring."  2019 SOP, subpt. B, ch. 2(III)(A)(2) at Exhibit1 to Exhibit A. Based on this SBA guideline and the Exclusion Rule, the SBA denied the Plaintiff PPP loan forgiveness on or about December 21, 2021 (See Exhibit 8 to Exhibit A) and on appeal on December 8, 2022 (See Exhibit D), alleging that Plaintiff was ineligible for PPP loan forgiveness.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

**The SBA Now Seeks to Apply the Exclusion Rule to Deny Plaintiff the Loan Forgiveness Promised by the CARES Act.**

53.     Plaintiff spent almost all (i.e. $112,760.98, over 98%) of its $114,200 loan proceeds to meet payroll and other expenses permitted by the CARES Act from May 11, 2020 to July 10, 2020.  (Exhibit A, Exhibit 7.)  Though Plaintiff experienced significant operational challenges caused by the pandemic, Plaintiff retained its employees to work with the assistance of its PPP loan and the recovering business environment.

54.     As it was entitled to do under the CARES Act, Plaintiff submitted its application for loan forgiveness to PEB on February 5, 2021 (along with the employee payroll expenses paid with the loan proceeds to the SBA for PPP loan forgiveness application).  (See Exhibit A, Exhibit 7.)  Plaintiff is informed and believes and thereon alleges that in 2021, PEB sent an email to Plaintiff that PEB (as the SBA's authorized agent) had decided to forgive all of the Plaintiff's PPP loan.  See Exhibit A, pages 23 to 25, which state that the SBA delegates authority to PEB as a PLP Lender to make SBA loans without SBA review of eligibility or creditworthiness.  Exhibit 6 to Exhibit A is the Federal Register dated on or about June 1, 2020 for 13 C.F.R. § 120, which states these interim final rules will "help PPP lenders who will be making the loan forgiveness decision...".

55.     Although Plaintiff's original forgiveness application demonstrated it had met all of its obligations under the CARES Act as PEB recognized, the SBA requested from

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

PEB and, then, Plaintiff further information about its business in or about 2021.  Among

other requests, the SBA requested Plaintiff's tax returns, a description of Plaintiff's

business activities, and Plaintiff's 2019 and 2020 income statements.

56.    Plaintiff timely provided the documents and answers requested by

the SBA.

57.    On or about January 5, 2022, Plaintiff received the SBA's final loan review

decision denying forgiveness of the Loan on the ground that it "is a financial business

engaged in lending, investments or an ineligible business engaged in financing or

factoring."  (Exhibit A, Exhibit 8; "SBA Loan Forgiveness Denial".)

58.    The SBA has stated in no uncertain terms that, even if a borrower receives a

loan, only loan recipients considered eligible under the agency's guidance documents

qualify for forgiveness.  See Interim Final Rule, Business Loan Program Temporary

Changes; Paycheck Protection Program-SBA Loan Review Procedures and Related

Borrower and Lender Responsibilities.  85 Fed. Reg. 33010, 33012 (June 1, 2020) ("If

SBA determines that a borrower is ineligible for the PPP loan, SBA will direct the lender

to deny the loan forgiveness application.").  Even if an "ineligible" borrower is

determined to be eligible for loan forgiveness by the lender, the agency has provided that

"[f]or a PPP loan of any size, SBA may undertake a review at any time in SBA's

discretion" to scrutinize "whether a borrower is eligible for the PPP loan based on . . . the

rules and guidance" promulgated by the SBA.  85 Fed. Reg, at 33012.  The SBA requires

borrowers to "retain PPP documentation in its files for six years after the date the loan is forgiven," allowing the agency to initiate review and require repayment many years in the future. *Id.*

59.    The retrospective application of the Exclusion Rule to Plaintiff has harmed, and will continue to harm, Plaintiff because this means Plaintiff will have to pay back the PPP loan in its entirety.  In the midst of fluctuating economic uncertainty driven by the pandemic, Plaintiff now has to worry that the loan forgiveness it reasonably expected to receive (and not to pay the PPP loan back) will ultimately be unavailable.  See SBA Loan Forgiveness Denial.  Plaintiff will now have to divert resources from other endeavors to pay off its unforeseen PPP loan.  The likelihood that its PPP loan will not be forgiven requires Plaintiff to take costly steps in order to mitigate the financial impact of having to repay the PPP loan (it became due April 22, 2022), which will lead to curtailing Plaintiff's business to generate cash to repay the loan, which includes laying off Plaintiff's employees it was able to retain during the Pandemic because of the PPP loan.

**Even if Its Loan is Forgiven, Plaintiff Fears Legal Exposure Stemming from the Unlawful Exclusion Rule.**

60.    Plaintiff certified its eligibility for a PPP loan in good faith.  (Exhibit A, Exhibit 3.)  Nevertheless, Plaintiff now fears that the government (or private actors) could try to hold it liable based on its PPP loan application or its application for loan forgiveness.

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

61.    Even if the SBA were to forgiven Plaintiff's PPP loan, the SBA could still use investigations under 13 C.F.R. § 120.197 (empowering the SBA Inspector General to investigate suspected fraud in connection with a 7(a) or 504 loan), or the threat of civil and criminal sanctions to harass Plaintiff under 85 Fed. Reg. at 20814 (requiring borrowers to certify awareness of the legal consequences of misstatements on the loan documentation).  While Defendants may not be likely to prosecute borrowers who acted in good faith and in an area of shifting legal standards and regulatory uncertainty, there is the possibility that Plaintiff will become embroiled in frivolous private litigation under the False Claims Act, which carries with it the threat of civil penalties and treble damages.  See 31 U.S.C. §§ 3729(a)(l)(A), (B), (b)(1).  In sum, the SBA's Exclusion Rule and the SBA's denial of Plaintiff's PPP loan forgiveness threatens Plaintiff with serious harm as described above.

### The SBA Arbitrarily Forgives PPP Loans for Other Excluded Businesses

62.    Since imposing the Exclusion Rule, the SBA has issued further guidance "clarifying" that certain businesses previously ineligible for SBA loans under its regulations are nevertheless now eligible for PPP loans.  For example, the SBA permits legal gambling businesses, previously excluded from SBA loans under 13 C.F.R. § 120.110(g) to access PPP loans.  See Interim Final Rule, Business Loan Program Temporary Changes; Paycheck Protection Program- Requirements-Promissory Notes, Authorizations, Affiliation, and Eligibility, 85 Fed, Reg. 23450, 23451 (Apr. 28, 2020).

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

63.     Nevertheless, the SBA continues to enforce the Exclusion Rule against businesses like Plaintiff that are primarily engaged in the lending business without any explanation or justification for its different treatment.  At the time of allowing legal gambling businesses to obtain PPP loans, the SBA stated that "the Administrator . . . believes this approach is more consistent with the policy aim of making PPP loans available to a broad segment of U.S. businesses."  82 Fed. Reg. at 23451.  This reasoning applies with equal force to the business that Plaintiff operates, yet the SBA has given no explanation for continuing to exclude Plaintiff's business from obtaining PPP loan forgiveness while allowing other previously excluded businesses to participate in obtaining PPP loans and having them forgiven.

### Courts in Multiple Jurisdictions Hold the Exclusion Rule Is Invalid.

64.     Since the SBA issued the Exclusion Rule, courts have barred its application as contrary to law.  The Eastern District of Michigan enjoined the SBA from denying PPP loans to otherwise-qualified applicants on the basis of the Exclusion Rule because the rule exceeded the SBA's statutory authority.  *Nat'l Ass 'n of Home Builders v. U.S. Small Business Administration,* No. 2011780, 2021 U.S. Dist, LEXIS 186548. at *35 (E.D. Mich. Sept. 28, 2021); *DV Diamond Club v. Small Business Administration,* 960 F 3d 743. 746 (6th Cir. 2020) (denying a motion for stay of injunction barring the Exclusion Rule's application to business owners who were previously ineligible for SBA lending programs, finding that the business owners had a substantial likelihood of success on

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

their claim that the rule conflicted with the CARES Act).

65.    Courts across the country have likewise held that the SBA's Exclusion Rule exceeds the agency's statutory authority and is arbitrary and capricious.  *Camelot* at 1056 (holding the SBA's Exclusion Rule exceeded its statutory authority); *Camelot Banquet Rooms, Inc. v. U.S. Small Bus. Admin.,* No. 20-1729 (7th Cir. May 20, 2020) (order) (denying the SBA's motion for a stay pending appeal); *In re Gateway Radiology Consultants, P.A., No. 8:19-BK-04971-MGW,* 2020 WL 3048197 at *19 (Bankr. M.D. Fla. June 8, 2020) (enjoining the SBA's attempt to "disqualify[ ]. an entire class of troubled small businesses-perhaps those who need it the most- from obtaining grants to pay employees so their workers don't lose their jobs"); *In re Skefos*, No. 19-29718-L, 2020 WL 2893413, at *13 (Bankr. W.D. Tenn. June 2, 2020) ("SBA acted arbitrarily and capriciously in excluding applicants whose owners are debtors in bankruptcy from the PPP."); *In re Roman Catholic Church of Archdiocese of Santa Fe, No. 18-13027* Tl 1, 2020 WL 2096113, at *7 (Bankr. D. N.M. May 1, 2020) (holding that the SBA's Exclusion Rule "constitutes a usurpation of Congressional authority to determine which businesses are eligible for PPP funds").

## **FIRST CAUSE OF ACTION**

**AGENCY ACTION CONTRARY TO LAW UNDER 5 U.S.C. § 706(2)(A), (C): SBA ILLEGALLY APPLIED INTERIM FINAL RULE TO DENY PLAINTIFF PPP LOAN FORGIVENESS**

**(Against All Defendants)**

66.    Plaintiff repeats and incorporates the foregoing paragraphs as it fully stated herein.

67.    The APA authorizes judicial review of federal agency actions.  5 U.S.C. § 702.

68.    The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right."  5 U.S.C. § 706(2)(A), (C).

69.    The Interim Final Rule (85 Fed. Reg. 20811) states explicitly that "[t]his interim final rule is effective April 15, 2020."  *In re Skefos* at 17 ("The first Interim Final Rule was published on April 15,2020.").

70.    The Interim Final Rule provides that "SBA has drafted this rule, to the extent practicable, in accordance with the standards set forth in section 3(a) and 3(b)(2) of the Executive Order 12988, to minimize litigation, eliminate ambiguity, and reduce burden.  *The rule has no preemptive or retroactive effect."* (emphasis added).

71.    On April 1, 2020, Plaintiff submitted its PPP loan application to its lender, PEB.

72.    Plaintiff is informed and believes and thereon alleges that on or about April 1, 2020, PEB submitted Plaintiff's PPP loan application to SBA.

73.    Plaintiff is informed and believes and thereon alleges that on or before April 14, 2020, the SBA approved Plaintiff's PPP loan application.

74.    At no point through this process was the Interim Final Rule, including its provisions adopting the Exclusion Rule, in effect and applicable to Plaintiff.  Therefore, Plaintiff was eligible for its PPP loan at the time it applied for it and at the time its loan application was approved.

75.    Plaintiff used all of its PPP loan proceeds for payroll expenses, which are eligible expenses under the CARES Act.

76.    The CARES Act, as amended, provides that all such *"eligible recipient[s} shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act§ 3(b).

77.    Because Plaintiff properly and lawfully utilized its loan proceeds, which it was eligible to receive at the time it applied for its PPP loan and at the time its loan application was approved, Plaintiff applied for loan forgiveness on or about February 5, 2021.  Or about that date, PEB (Plaintiff's lender) approved Plaintiff's loan forgiveness application.

78.    Even though Plaintiff was eligible for a PPP loan at the time of its loan application and when its loan application was approved, the SBA first indicated its intent to retroactively apply the Exclusion Rule to Plaintiff in or about October 25, 2021, when

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

the SBA indicated to PEB that it had placed a Hold Code on Plaintiff's loan had a potential eligibility issue because Plaintiff appears to be engaged in lending.

79.     On or about January 5, 2022, Plaintiff received notice from the SBA that it had denied Plaintiff's forgiveness application by applying the Exclusion Rule, explaining that Plaintiff "is a financial business engaged in lending, investments or an ineligible business engaged in financing or factoring."  (See Exhibit A, Exhibit 8.)

80.     On or about December 8, 2022, Plaintiff received the SBA's Office of Hearings and Appeal that had denied Plaintiff's forgiveness application by applying the Exclusion Rule in Plaintiff's appeal of the SBA January 5, 2022 ruling.  (See Exhibit D.)

81.     SBA's attorney, Kalisse P. Anderson, sent an email to Plaintiff's counsel on or about February 24, 2022 that stated that the SBA portal did not accept the Plaintiff's first attempt (made on or about January 19, 2022) to file the appeal to the SBA's Office of Hearings and Appeal and that Plaintiff had the right to re-file its appeal.  Plaintiff filed its appeal with the SBA's Office of Hearings and Appeal on or about February 24, 2022 after receiving Ms. Anderson's email.  (See Exhibit B for a copy of the exchange of emails between Plaintiff's counsel and Ms. Anderson from February 24 to 25 of 2022 about Plaintiff filing its appeal with the SBA's Office of Hearings and Appeal.  See Exhibit C for a copy of the SBA portal upload of the Plaintiff's appeal at Exhibit A to the SBA's Office of Hearings and Appeal that occurred on or about February 24, 2023 and the SBA's email to Plaintiff's counsel to confirm receipt of the Appeal.)

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060

82.    The SBA's Office of Hearings and Appeals issued its Decision to Affirm the SBA's decision to deny the Plaintiff PPP loan forgiveness on or about December 8, 2022. (See Exhibit D.)

83.    Defendants' actions to retroactively apply the Exclusion Rule to determine that Plaintiff was ineligible for its PPP loan are not in accordance with law, including the CARES Act, the APA and the Interim Final Rule itself.  Plaintiff is entitled to an order declaring this is true.

84.    Plaintiff is entitled to a permanent injunction enjoining Defendants from retroactively applying the Exclusion Rule.

## SECOND CAUSE OF ACTION

**AGENCY ACTION CONTRARY TO LAW UNDER 5 U.S.C. § 706(2)(A), (C): CARES ACT MADE PLAINTIFF ELIGIBLE FOR PPP LOAN AND SBA ILLEGALLY APPLIED THE EXCLUSION RULE TO DENY PLAINTIFF PPP LOAN FORGIVENESS**

**(Against All Defendants)**

85.    Plaintiff repeats and incorporates the foregoing paragraphs as if fully stated herein.

86.    The APA authorizes judicial review of federal agency actions under 5 U.S.C. § 702.

**MADISON LAW, APC**
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 … Fax (949) 756-9060

86.     The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... not in accordance with law," or "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C).

87.     The CARES Act § 1102(a)(36)(D)(i) [emphasis added] provides that "in addition to small business concerns, *any business concern ... shall* be eligible to receive a covered loan," subject only to the conditions that a business meet the Act's size requirement, make the required good-faith borrower certification, and have been in operation as of February 15, 2020.

88.     The CARES Act, as amended, provides that all such "eligible recipient[s] *shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses. CARES Act § 1106(b), (d) (emphasis added); Flexibility Act§ 3(b).

89.     The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or forgiveness, including the Exclusion Rule.

90.     Defendants' actions to exclude businesses primarily engaged in the business of lending from PPP eligibility, including for loan forgiveness, are not in accordance with law, including the CARES Act and the APA.   Plaintiff is entitled to an order declaring this is true.

91.     Defendants' actions to exclude businesses primarily engaged in the business

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

of lending from PPP eligibility, including for loan forgiveness, are in excess of statutory jurisdiction, authority, or limitations, and short of statutory right, in violation of the CARES Act and the APA Plaintiff is entitled to an order declaring the same.

92.    Plaintiff is entitled to a permanent injunction enjoining Defendants from applying the Exclusion Rule against businesses primarily engaged in the business of lending.

**COUNT THREE**

**Arbitrary & Capricious Agency Action**

**5 U.S.C. § 706(2)(A), (C)**

93.    Plaintiff repeats and incorporates the foregoing paragraphs as if fully stated herein.

94.    The APA authorizes judicial review of federal agency actions under 5 U.S.C. §702.

95.    The APA provides that the reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be ... arbitrary, capricious," or "an abuse of discretion."  5 U.S.C. § 706(2)(A).

96.    The CARES Act provides that "in addition to small business concerns, *any* business concern ... shall be eligible to receive a covered loan," 15 U.S.C. § 636 (a)(36)(D)(i) (emphases added), subject only to the conditions that a business meet the Act's size requirement, makes the required good-faith borrower certification, and have

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 . . . Fax (949) 756-9060

been in operation as of February 15, 2020.

97.    The CARES Act, as amended, also provides that all such "eligible recipient[s] *shall* be eligible for forgiveness of indebtedness" provided that at least 60 percent of the PPP loan funds were used for certain payroll expenses.  CARES Act § 1106(b), (d) (emphasis added); Flexibility Act§ 3(b).

98.    The CARES Act does not authorize the SBA to impose additional eligibility criteria for PPP loans or their forgiveness, including the Exclusion Rule.

99.    Defendants' exclusion of businesses primarily engaged in the business of lending from PPP eligibility, including loan forgiveness, while granting PPP benefits to other businesses that were ineligible under previous SBA guidelines, is arbitrary and capricious and an abuse of discretion under 5 U.S.C. § 706(2)(A).  Plaintiff is entitled to an order declaring this is true.

100.    Plaintiff is entitled to a permanent injunction enjoining Defendants from applying the Exclusion rule against businesses primarily engaged in the business of lending.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully asks the Court to order the following relief:

A.    Declare that the Exclusion Rule violates the law; and, the SBA is to cease from applying the Exclusion Rule to Plaintiff's PPP loan;

B.    Declare that the Exclusion Rule is arbitrary and capricious; and, the SBA is

to cease from applying the Exclusion Rule to Plaintiff's PPP loan;

     C.    Declare the Exclusion Rule is unlawful and set aside the Exclusion Rule; and, the SBA is to cease from applying the Exclusion Rule to Plaintiff's PPP loan;

     D.    Permanently enjoin the SBA from enforcing the Exclusion Rule in determining forgiveness eligibility for PPP loans, including SBA's illegal determination that the Plaintiff is not eligible to receive a PPP loan and from being eligible to receive PPP loan forgiveness;

     E.    Order the SBA to find that the CARES Act made the Plaintiff eligible for its PPP loan and to grant the Plaintiff PPP loan forgiveness for all amounts owed by Plaintiff under this loan as of April 24, 2022, and for the SBA to take all action with PEB and the Plaintiff to implement fully the PPP loan forgiveness of the SBA to Plaintiff's PPP loan.

     F.    Award costs and reasonable attorney fees to the extent permitted by law; and

     G.    Grant such other relief as this Court may deem just and proper.

Respectfully submitted this 12th day of July, 2023 by:

                       MADISON LAW, APC


                       By: /s/ Dixon Gardner
                          Dixon Gardner
                          Attorneys for Plaintiff

MADISON LAW, APC
17702 Mitchell North, Irvine, CA 92614
Tel (949) 756-9050 ... Fax (949) 756-9060